UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ARNEL MANAGEMENT COMPANY, | Case No. SA CV 15-01513-JVS (DFMx) |
| Plaintiff, | ORDER REMANDING CASE TO STATE COURT |
| v. | |
| MIRIAM CECILIA LEAL et al., | |
| Defendants. | |

The Court sua sponte REMANDS this action to the California Superior Court for the County of Orange for lack of subject matter jurisdiction, as set forth below.

"The right of removal is entirely a creature of statute and 'a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress.'" Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 32 (2002) (quoting Great Northern R. Co. v. Alexander, 246 U.S. 276, 280 (1918)). Where Congress has acted to create a right of removal, those statutes are strictly construed against removal jurisdiction. Id.; Nevada v. Bank of America Corp., 672 F.3d 661, 667 (9th Cir. 2012); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

///

1    Unless otherwise expressly provided by Congress, a defendant may remove "any
2 civil action brought in a State court of which the district courts of the United States have
3 original jurisdiction." 28 U.S.C. § 1441(a); Dennis v. Hart, 724 F.3d 1249, 1252 (9th Cir.
4 2013). The removing defendant bears the burden of establishing federal jurisdiction. Abrego
5 Abrego v. Dow Chemical Co., 443 F.3d 676, 682 (9th Cir. 2006); Gaus, 980 F.2d at 566-67.
6 "Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that
7 provision, [the removing defendant] must demonstrate that original subject-matter
8 jurisdiction lies in the federal courts." Syngenta Crop Protection, 537 U.S. at 33. Failure to
9 do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be
10 waived, and . . . the district court must remand if it lacks jurisdiction." Kelton Arms Condo.
11 Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003). "If at any time
12 before final judgment it appears that the district court lacks subject matter jurisdiction, the
13 case shall be remanded." 28 U.S.C. § 1447(c). It is "elementary that the subject matter
14 jurisdiction of the district court is not a waivable matter and may be raised at anytime by
15 one of the parties, by motion or in the responsive pleadings, or sua sponte by the trial or
16 reviewing court." Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 n.2 (9th Cir. 1988).
17    From a review of the Notice of Removal and the state court records provided, it is
18 evident that the Court lacks subject matter jurisdiction over the instant case, for the
19 following reasons.
20    No basis appears for federal question jurisdiction. The Complaint does not include
21 any claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C.
22 § 1331. Removing defendant(s) asserts that the affirmative defenses at issue give rise to
23 federal question jurisdiction, but "the existence of federal jurisdiction depends solely on the
24 plaintiff's claims for relief and not on anticipated defenses to those claims." ARCO Envtl.
25 Remediation, L.L.C. v. Dept. of Health and Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir.
26 2000). An "affirmative defense based on federal law" does not "render[] an action brought
27 in state court removable." Berg v. Leason, 32 F.3d 422, 426 (9th Cir. 1994). A "case may
28 not be removed to federal court on the basis of a federal defense . . . even if the defense is

anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." <u>Franchise Tax Bd. v. Construction Laborers Vacation Trust</u>, 463 U.S. 1, 14 (1983). The underlying action is an unlawful detainer proceeding, arising under and governed by the laws of the State of California.

Diversity jurisdiction is also lacking. The Complaint does not allege damages in excess of $75,000; to the contrary, the Complaint expressly states that the amount demanded is less than $10,000. Defendant has not shown, by a preponderance of the evidence, that the amount in controversy requirement has been met. 28 U.S.C. § 1332; <u>Abrego Abrego</u>, 443 F.3d at 683.

IT IS THEREFORE ORDERED that this matter be, and hereby is, REMANDED to the Superior Court of California listed above, for lack of subject matter jurisdiction.

Additionally, this is Defendant's second attempt to remove this unlawful detainer action to federal court. The previous attempt resulted in an order summarily remanding the action to state court on August 11, 2015. Case No. SA CV 15-01244-DOC (DFMx) (Dkt. 8). Accordingly, Defendant is notified and warned that any subsequent attempts to remove the underlying state unlawful detainer action to this Court may result in the Court taking additional measures, which may include ordering Defendant to appear in person before the Court and show cause why he should not be monetarily sanctioned and/or designated as a vexatious litigant.

IT IS SO ORDERED.

Dated: September 22, 2015

_____
HONORABLE JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

3